This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37812**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.

**RUBEN GONZALEZ,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Patrick J. Martinez
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals, following a jury trial, from his conviction for second-degree kidnapping. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant continues to argue the district court erred in denying his motion for a directed verdict. Specifically, Defendant asserts that the State failed to present sufficient evidence that (1) the taking or restraint or confinement or transportation of Victim was not slight, inconsequential, or merely

incidental to the commission of the charged sex crimes acts; and (2) Defendant transported Victim to a different location. [MIO 3-5]

**{3}** Defendant argues "[a]ll of the restraint and confining took place during the sex acts" [MIO 5], and contends this case is analogous to *State v. Trujillo*, where we held that movement or restraint that is incidental to the commission of a different crime may not also be punished as kidnapping. 2012-NMCA-112, ¶¶ 6-8, 289 P.3d 238. Whether the restraint is incidental presents a fact question that is to be evaluated based on the totality of the circumstances. *Id.* ¶¶ 42-43. At trial, evidence was presented that Defendant grabbed Victim by the neck, dragged her to the living room, and told her to put her hands on the couch and do what he told her to do. [MIO 1] Thereafter, Defendant made Victim pull down her pants; started rubbing her breasts, buttocks, and vagina; and told her not to fight him. [MIO 1]

**{4}** Viewing the evidence in the light most favorable to the guilty verdict, *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176, the jury could have rationally concluded that Defendant's restraint and confinement of Victim *before* the sex acts was independent of the restraint and confinement Defendant used once Victim was at the couch. *See State v. Dominguez*, 2014-NMCA-064, ¶ 10, 327 P.3d 1092 ("The crime of kidnapping is complete when the defendant, with the requisite intent, restrains the victim, even though the restraint continues through the commission of a separate crime."); *see also State v. Allen*, 2000-NMSC-002, ¶ 67, 128 N.M. 482, 994 P.2d 728 ("When there is evidence that the perpetrator forcibly abducted the victim before attempting sexual penetration or continued to use force or restraint after the sex act was completed, . . . we have rejected the proposition that the kidnapping is indistinguishable from the sex offense."); *State v. Pisio*, 1994-NMCA-152, ¶ 38, 119 N.M. 252, 889 P.2d 860 ("[F]orce or coercion exerted prior to the [sexual offense] itself will support a conviction for kidnapping[.]").

**{5}** Defendant additionally points to the short time period in which the events took place [MIO 1] and claims he "did not make any significant attempts to restrain, confine, or transport [Victim] to a different location as they were already in her home." [MIO 5] However, the jury instructions required the State to prove that "[D]efendant took or restrained or confined or transported [Victim] by force or intimidation or deception *by grabbing her in a choke hold and dragging her*" [RP 54 (emphasis added)] and Defendant admits he choked Victim and dragged her to the living room [MIO 5]. Moreover, that the kidnapping took place during a short time period and within a confined space does not render the evidence insufficient. *See State v. Garcia*, 2019-NMCA-056, ¶ 21, 450 P.3d 418 ("Though we are cognizant of the short time period between [the d]efendant's initial acts and the sexual assault, as well as the confined space in which they occurred, [the d]efendant's actions constituted a completed kidnapping upon preventing Victim's escape, regardless of the sexual assault that followed."), *cert. denied*, 2019-NMCERT-___ (No. S-1-SC-37766, Sept. 10, 2019); *see also Trujillo*, 2012-NMCA-112, ¶ 43 ("[W]hether the restraint or movement is incidental depends on the facts of each case, in light of the totality of surrounding circumstances. This characterization is as much a consideration of the relation between the restraint

and the other crime as it is a measure of the precise distance moved or place held." (alteration, internal quotation marks, and citation omitted)). In light of the totality of the surrounding circumstances, we conclude sufficient evidence supported Defendant's kidnapping conviction.

**{6}** Lastly, we note Defendant appears to argue that his conviction must be set aside on double jeopardy grounds. [MIO 5-6] Given that Defendant was only convicted on one of the charges brought against him [MIO 2; RP 91-94], this case does not present any double jeopardy concerns. *See, e.g.*, *State v. Crain*, 1997-NMCA-101, ¶ 1, 124 N.M. 84, 946 P.2d 1095 (holding that the "[d]efendant was subjected to double jeopardy when he was sentenced to *multiple punishments* for the same offense" (emphasis added)).

**{7}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

**{8}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**